

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| RAYMOND D. TEPERA, | ) CASE NO. 11-80477-G3-13 |
| Debtor, | ) |

## MEMORANDUM OPINION

The court has held a trial on the "Debtor's Objection to Proof of Claim of Kenneth C. Kaye" (Docket No. 51). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered allowing the claim as filed. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Raymond D. Tepera ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 7, 2011.

Kenneth C. Kaye filed a proof of claim, in the amount of $129,388.24. In the proof of claim, Kaye asserts that the claim is entitled to priority as a domestic support obligation under 11 U.S.C. § 507.

Kaye attached a copy of a divorce decree to his proof of claim. The divorce decree recites that Kaye was the attorney

for Debtor's former spouse, Tammy Lynette Tepera.  The decree provides in pertinent part:

> To effect an equitable division of the estate of the parties and as a part of the division, the court finds that Tammy Lynette Tepera has incurred $125,154.43 as attorney's fees, expenses, and costs.  IT IS ORDERED that good cause exists to award Kenneth C. Kaye a judgment in the amount of One Hundred Twenty-Five Thousand One Hundred Fifty-Four and 43/100 dollars ($125,154.43) for attorney's fees, expenses, and costs, with interest at five percent (5%) per year compounded annually from the date this Final Decree of Divorce is signed until paid.  The judgment described in this paragraph and the succeeding one, for which let execution issue, is awarded against Raymond David Tepera, and Raymond David Tepera is ORDERED to pay the fees, expenses, costs, and interest to Kenneth C. Kaye by cash, cashier's check, or money order.  Kenneth C. Kaye may enforce this judgment for fees, expenses, and costs in his own name by any means available for the enforcement of a judgment for debt.

(Kaye Exhibit 4).

In the instant claim objection, Debtor contends that the claim is not a domestic support obligation, because Kaye is not a spouse, former spouse or child of the debtor, or the parent, legal guardian, or responsible relative of such child.

Kaye testified that he represented Tammy Tepera, primarily in connection with a dispute over child custody.  He testified that the majority of fees relate to a jury trial on the sole issue of child custody.[1]

---

[1] The state court ultimately granted joint conservatorship of the Teperas' two children, with Tammy Tepera granted possession of the children at times other than designated in the order.

2

<u>Conclusions of Law</u>

Section 507(a)(1) of the Bankruptcy Code grants first priority to:

> (A) Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition shall be applied and distributed in accordance with applicable nonbankruptcy law.
>
> (B) Subject to claims under subparagraph (A), allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition, are assigned by a spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative to a governmental unit (unless such obligation is assigned voluntarily by the spouse, former spouse, child, parent, legal guardian, or responsible relative of the child for the purpose of collecting the debt) or are owed directly to or recoverable by a governmental unit under applicable nonbankruptcy law, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition be applied and distributed in accordance with applicable nonbankruptcy law.
>
> (C) If a trustee is appointed or elected under section 701, 702, 703, 1104, 1202, or 1302, the administrative expenses of the trustee allowed under paragraphs (1)(A), (2), and (6) of section 503(b) shall be paid before payment of claims under subparagraphs (A) and (B), to the extent that the trustee administers assets that are otherwise available for the payment of such claims.

11 U.S.C. § 507(a)(1).

The term "domestic support obligation is defined in Section 101(14A) of the Bankruptcy Code:

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrued on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
>
> > (A) owed to or recoverable by--
> >
> > > (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> > >
> > > (ii) a governmental unit;
> >
> > (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> >
> > (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
> >
> > > (i) a separation agreement, divorce decree, or property settlement agreement;
> > >
> > > (ii) an order of a court of record; or
> > >
> > > (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> >
> > (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

Courts addressing the question of whether an award directly to an attorney in a divorce decree is a domestic support obligation have split.  The majority of courts have held that an award directly to an attorney in a divorce decree is a domestic support obligation.  See In re Johnson, 445 B.R. 50 (Bankr. D. Mass. 2011); In re Andrews, 434 B.R. 541 (Bankr. W.D. Ark. 2010); In re Blackwell, 432 B.R. 856 (Bankr. M.D. Fla. 2010); In re Papi, 427 B.R. 457 (Bankr. N.D. Ill. 2010); In re Prensky, 416 B.R. 406 (Bankr. D.N.J. 2009)(case involved fees "awarded to" the spouse, but payable to the attorney); In re Uzaldin, 418 B.R. 166 (Bankr. E.D. Va. 2009) (applying a rule that if the underlying debt is a DSO, the attorney fee incidental to it is a DSO); In re Poole, 383 B.R. 308 (Bankr D.S.C. 2007); In re Enright, 2011 WL 5509386 (Bankr. D. Vt.).  Most of the courts holding that the awards of attorney fees directly to the attorney are domestic support obligations find that an award of attorney fees is in the nature of alimony, maintenance, or support under law in effect prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), and that the passage of BAPCPA did not alter the priority of such debts. Those courts have generally held that, because the non-debtor former spouse is liable for the attorney fees, the award of attorney fees to the debtor former spouse undercuts the non-

5

debtor former spouse's ability to provide for the non-debtor former spouse and the non-debtor former spouse's dependents.

A minority of courts have held that, under the plain language of Section 101(14A), attorneys are not among the parties to whom a domestic support obligation can be owed.  See In re Forgette, 379 B.R. 623 (Bankr. W.D. Va. 2007); In re Brooks, 371 B.R. 761 (Bankr. N.D. Tex. 2007); In re Watson, 402 B.R. 294 (Bankr. N.D. Ind. 2009).

This court believes the majority rule is the better-reasoned rule.  There is no support in the legislative history of BAPCPA that Congress intended to reduce protection for non-debtor former spouses.  The court concludes that Kaye's claim is a domestic support obligation within the meaning of Section 101(14A) of the Bankruptcy Code, and thus is entitled to priority under Section 507(a)(1)(A) of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be entered allowing the claim of Kaye as filed.

Signed at Houston, Texas on February 9, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE